UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

A.C. and M.C., on behalf of M.C.,

    **PLAINTIFFS,**

 -against-           ANSWER
                    08 CV 3163 (KMK)
CHAPPAQUA CENTRAL SCHOOL DISTRICT,

    **DEFENDANT.**

_____

  Defendant, Chappaqua Central School District, by its attorneys, Shaw, Perelson, May & Lambert, LLP (Mark C. Rushfield, Esq., Of Counsel), as and for its answer to the Complaint, states:

1. Admits the allegations set forth in paragraphs "1", "2", "3","4", "5", "6", "7", "8", "9","13", "19", "21", and "27" of the Complaint.

2. Denies the allegations as set forth in paragraphs "12", "16","17", "23","24", "25", "32" and "35"of the Complaint.

3. Denies the allegation set forth in paragraph "10" of the Complaint, except admits that no earlier than July 24, 2007, the plaintiffs filed a due process complaint seeking a hearing to challenge the IEP that the defendant school district had offered plaintiff M.C. for the 2005-2006 school year and to seek tuition reimbursement and respectfully refers the Court to the text of that complaint which is part of the administrative record below for its true and complete contents.

4. Denies the allegation set forth in paragraph "11" of the Complaint, except admits that the defendant school district moved before the Impartial Hearing Officer to dismiss the complaint demanding a due process hearing based upon both the insufficiency

of that demand and on the basis that it was barred by either the one-year statute of limitations applicable to such demands prior to July 1, 2005 and/or the two-year statute of limitations set forth in the Individuals with Disabilities in Education Act as amended effective July 1, 2005.

5. Admits the allegations set forth in paragraph "14" of the Complaint, except denies that the IHO referred to a "trigger" date and respectfully referred the Court to the IHO's decision in which he stated that the plaintiffs' claims accrued for purposes of limitations on either June 15 or, at the latest, July 20, 2005.

6. Denies the allegations set forth in paragraph "15" of the Complaint, except admits that the IEP meeting at which the plaintiffs were apprized of the particulars of the new IEP was held on June 15, 2005 and the new IEP was received by the plaintiffs on July 20, 2005.

7. Denies the allegations set forth in paragraph "18" of the Complaint, except admits that the plaintiffs appealed the IHO's decision to the New York Office of State Review ("SRO") and that the plaintiffs requested refusal of SRO Paul F. Kelly based upon a newspaper article.

8. Denies the allegations set forth in paragraph "20" of the Complaint, except admits that the actual IEP was issued after June 15, 2005 and the plaintiffs received a copy of the IEP on July 20, 2005.

9. As concerns the allegations at paragraphs numbered "22", "26", " 28", "30", "31", "33"," 34" and "36" of the Complaint, these allegations are not allegations of fact, but are either allegations expressing opinion or allegations expressing argument and,

consequently, require no response. To the extent a response is nonetheless required, the allegations should be deemed to be denied.

10. Denies the allegations set forth in paragraph "29" of the Complaint, except admits that by letter dated July 25, 2005, the plaintiff notified the defendant school district that they were rejecting the IEP and respectfully refers the Court to that letter which is part of the administrative record below for its true and complete contents.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The decision of the SRO appealed from is supported by the preponderance of the evidence in the administrative proceedings below and is a correct interpretation and application of the applicable statute of limitations as barring the plaintiffs' July 27, 2007 request for an impartial due process hearing as having been made beyond the applicable two-year statute of limitations.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety and the defendant granted such other and further relief as the Court may deem just and proper.

**DATED:     POUGHKEEPSIE, NEW YORK**
**April 16, 2008**

                              **SHAW, PERELSON, MAY & LAMBERT LLP**
                              **ATTORNEYS FOR DEFENDANT**


                              **BY: _____/S_____**
                              **MARK C. RUSHFIELD, ESQ. (MCR 0231)**
                              **21 VAN WAGNER ROAD**
                              **POUGHKEEPSIE, N.Y. 12603**
                              **TELEPHONE (845) 486-4200**